| | | |
|---|---|---|
| KAREN BROWN, INDIVIDUALLY AND ON BEHALF OF 3705 IBERVILLE, L.L.C. | * | NO. 2019-CA-0119 |
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| VERSUS | * | STATE OF LOUISIANA |
| STEVEN L. SEEBER AND 3705 IBERVILLE, L.L.C. | * | |
| | * | |

* * * * * * *

**LEDET, J., DISSENTS WITH REASONS**

I disagree with the majority's decision that the trial court abused its discretion in issuing the preliminary injunction. Pursuant to La. R.S. 12:1335,[1] Karen Brown sought judicial dissolution of the limited liability company she and Steven Seber co-owned. In connection with that dissolution, and pursuant to La. R.S. 12:1336,[2] the trial court appointed a liquidator to manage the company's affairs pending dissolution. *See In re Cat Island Club, L.L.C.*, 11-1557, p. 8 (La. App. 3 Cir. 5/2/12), 94 So. 3d 75, 80 (observing that La. R.S. 12:1336 "provides

---

[1] La. R.S. 12:1335 provides that "[o]n application by or for a member, any court of competent jurisdiction may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement."

[2] La. R.S. 12:1336 provides as follows:

A. Except as otherwise provided in the articles of organization or a written operating agreement, upon dissolution the members shall wind up the limited liability company's affairs. The windup of the limited liability company's affairs may be conducted by appointment of one or more liquidators to conduct the windup and liquidation. However, such appointment shall not be operative until both of the following occur:

(1) Notice of authorization of the dissolution, stating that the limited liability company is to be liquidated out of court and giving the name and post office address of each liquidator, has been published at least once in a newspaper of general circulation in the parish in which the limited liability company's registered office is located, and a copy of such notice, with the affidavit of the publisher of the newspaper to the fact of such publication attached, has been filed with the secretary of state.

(2) Articles of dissolution have been filed with the secretary of state in accordance with R.S. 12:1339.

B. However, any court of competent jurisdiction may wind up the limited liability company's affairs on application of any member or his legal representative or assignee or of any liquidator.

for the appointment of a liquidator"). In connection with the appointment of the liquidator, the trial court issued the injunction. The injunction effectively divested Mr. Seeber of managerial authority and enjoined him from destroying company records or property.

The dispositive issue presented by this appeal is whether the trial court had the authority to issue such injunctive relief in the absence of a showing of irreparable harm. I would find, as Ms. Brown suggests, that corporate law supplies the answer. In connection with the judicial dissolution of a corporation, a trial court has the authority, under La. R.S. 12:1-1431(C),[3] not only to appoint a liquidator but also to issue injunctions.[4] In the corporate dissolution context, an injunction is authorized not to prevent irreparable harm (although it may) but instead to facilitate the judicial dissolution process; thus, a showing of irreparable harm is not required.

Although La. R.S. 12:1336 does not have a similar provision regarding the issuance of injunctions, there is authority for the application of corporate law to limited liability companies. That authority is La. R.S. 1303(A), which provides as follows:

> All limited liability companies, regardless of date of organization, shall have the powers, rights, and privileges provided for a corporation organized under the Business Corporation Law (R.S. 12:1 et seq.), and provided for a partnership organized under Title XI of Book III of the Louisiana Civil Code.

As Mr. Seeber points out, no court has held that La. R.S. 1303(A) operates to authorize the issuance of a La. R.S. 12:1-1431(C) injunction—that is, an

---

[3] La. R.S. 12:1-1431(C) provides that "[a] court in a proceeding brought to dissolve a corporation or to continue a dissolution under court supervision may issue injunctions, appoint a receiver or liquidator with all powers and duties the court directs, take other action required to preserve the corporate assets wherever located, and carry on the business of the corporation until a full hearing can be held").

[4] Ms. Brown relies on La. R.S. 12:1-748, which governs the appointment of a receiver, rather than a liquidator, in connection with a shareholder action, rather than a dissolution. Thus, La. R.S. 12:1-748 is inapposite.

injunction issued in connection with a dissolution and unsupported by a showing of irreparable harm—in the context of the judicial dissolution of a limited liability company under La. R.S. 12:1335. I would do so in this case.

For these reasons, I respectfully dissent.